1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                   FOR THE EASTERN DISTRICT OF CALIFORNIA
9  KENNETH MOORE, JR.
10          Plaintiff,                    No. CIV S-12-0475 GGH P
11      vs.
12
   CALIFORNIA DEPT. OF
13 CORRECTIONS, et al.
            Defendants.           ORDER
14 _____/

15         Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

16 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

17 U.S.C. § 636(b)(1).

18         Plaintiff  has requested authority pursuant to 28 U.S.C. § 1915 to proceed in

19 forma pauperis; however, he has not filed a certified copy of his prison trust account statement

20 for the six month period immediately preceding the filing of the complaint.  See 28 U.S.C.

21 § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a certified copy of his prison

22 trust account statement.

23         The court is required to screen complaints brought by prisoners seeking relief

24 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

26 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
2 U.S.C. § 1915A(b)(1),(2).

3     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989); Franklin v. Murphy,
5 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous
6 where it is based on an indisputably meritless legal theory or where the factual contentions are
7 clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim,
8 however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885
9 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

10     A complaint must contain more than a "formulaic recitation of the elements of a
11 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
12 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
13 "The pleading must contain something more...than...a statement of facts that merely creates a
14 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
15 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
16 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
17 v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570,
18 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content
19 that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." Id.

21     In reviewing a complaint under this standard, the court must accept as true the
22 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
23 738, 740, 96 S.Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the
24 plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411,
25 421, 89 S.Ct. 1843, 1849 (1969).

26 \\\\\

As explained below, this complaint is dismissed with leave to amend within twenty-eight days.

Summary of the Complaint

Plaintiff was issued a Rules Violation Report for Possession of an Inmate Manufactured Weapon. He alleges: (1) that he was denied a crucial witness, in violation of the Sixth Amendment; and (2) that he was confined to a segregated housing unit without being allowed to present favorable evidence, in violation of the Fourteenth Amendment. He seeks $15,000 in damages, and an order directing the prison to vacate his disciplinary disposition.

Plaintiff names as defendants California Department of Corrections and Gary Swarthout, Warden.

Analysis

Eleventh Amendment

In his complaint plaintiff has named the California Department of Corrections as one of the defendants. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the California Department of Corrections are frivolous and must be dismissed. See Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and Rehabilitation entitled to Eleventh Amendment immunity).

Habeas and Civil Rights

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Muhammad v. Close, 540

3

U.S. 749, 750, 124 S.Ct. 1303, 1304-1305 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Muhammad v. Close, 540 U.S. at 750. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. Id. at 750-51.

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. See Muhammad v. Close, 540 U.S. at 751. Accordingly, in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court applied Heck in the circumstances of a §1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. See Muhammad v. Close, 540 U.S. at 751. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Id.

Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a); Muhammad v. Close, 540 U.S. at 751. Heck's requirement to resort to state litigation and federal habeas before § 1983

4

is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. Muhammad v. Close, 540 U.S. at 751.

In this case, plaintiff challenges the procedure and process surrounding his disciplinary conviction for possession of an inmate manufactured weapon, and seeks both money damages as well as a vacation of the underlying disciplinary conviction. It is unclear from the current complaint whether plaintiff's disciplinary conviction has impacted the length of his sentence or his eligibility for parole. See Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), quoting Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989) ("[h]abeas corpus jurisdiction....exists when a petitioner seeks expungement of a disciplinary finding that is *likely to accelerate* the prisoner's eligibility for parole."); Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of plaintiff's confinement). The undersigned notes that plaintiff does not raise any claims regarding the conditions of his confinement in administrative segregation. See Ramirez v. Galaza, 334 F.3d at 856, n.5 (explaining that, in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995), Supreme Court addressed merits of plaintiff's allegations of violation of due process in a § 1983 complaint where plaintiff alleged that disciplinary restraint imposed an atypical and significant hardship). The court therefore cannot determine whether plaintiff's claims are more appropriately raised in a federal habeas petition, after plaintiff has exhausted all available state habeas opportunities, or whether it may proceed as a civil rights complaint.[1] In addition, if the claim may proceed as a civil rights complaint, the court is unable to determine whether the action is barred under Heck and Edwards.

\\\\\

\\\\\

---

[1] Given the nature of the charge, plaintiff was probably assessed a loss of time credits.

5

Conclusion

Accordingly, the complaint is dismissed with leave to amend, or to file a petition for writ of habeas corpus under 28 U.S.C. § 2254, within 28 days from the date of this order.[2]

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within twenty-eight days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

---

[2] Plaintiff is informed that claims in habeas corpus actions must have been exhausted with the highest state court.

1    2. The complaint is dismissed for the reasons discussed above, with leave to file
2 an amended complaint or a petition for writ of habeas corpus within twenty-eight days from the
3 date of service of this order.  Failure to file an amended complaint or habeas petition will result
4 in a recommendation that the action be dismissed.
5 DATED: May 1, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE