IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH MOORE, JR.

    Plaintiff,                      No. 2:12-cv-0475 GGH P

    vs.

CALIFORNIA DEPT. OF CORRECTIONS, et al.

    Defendants.                ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed May 1, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        A review of the amended complaint reflects that plaintiff's address has changed. The clerk will be directed to update plaintiff's address to that given on the amended complaint: Kenneth Moore, V-97875, B-8-103, CSP-Sac, P.O. Box 290066, Represa, CA 95671.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff is assessed an initial partial filing fee of 20 percent of

1

1  the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average
2  monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of
3  this action. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate
4  agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the
5  Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty
6  percent of the preceding month's income credited to plaintiff's prison trust account. These
7  payments will be forwarded by the appropriate agency to the Clerk of the Court each time the
8  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
9  § 1915(b)(2).

10      The court is required to screen complaints brought by prisoners seeking relief
11 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
12 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
13 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
15 U.S.C. § 1915A(b)(1),(2).

16      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
18 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
19 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
20 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
21 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22 Cir. 1989); Franklin, 745 F.2d at 1227.

23      A complaint, or portion thereof, should only be dismissed for failure to state a
24 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
25 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
26 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the court's May 1, 2012 order, the court noted that plaintiff was challenging the procedure and process surrounding his disciplinary conviction for possession of an inmate manufactured weapon, and sought both money damages as well as a vacation of the underlying disciplinary conviction.  See Doc. No. 5 at 5.  The court additionally noted that, under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), where success in a prisoner's § 1983 damages action would implicitly question the validity of a conviction or duration of a sentence, a litigant must first achieve favorable termination of his available state or federal habeas opportunities to challenge the underlying conviction or sentence.  Id. at 4.  The court advised plaintiff that it could not determine whether the action was barred by Heck, or whether plaintiff should instead proceed to exhaust his available state and federal habeas remedies, because it was not clear from the complaint whether plaintiff's disciplinary conviction impacted the length of his sentence or his eligibility for parole.  Id. at 5.

In his amended complaint, plaintiff does not advise the court whether or not he was assessed a loss of credits, or otherwise address the potential Heck bar.  He instead argues that his due process rights were violated when he was not allowed to present a witness or certain evidence even though he was faced with the withdrawal of earned time credits.  See Doc. No. 6 at 3-5.  Because it remains unclear whether plaintiff may proceed under § 1983, or whether his action is barred by Heck and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the court will again dismiss the complaint.  The court will, however, grant leave to file a second amended complaint.

\\\\\

1        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate
2 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
3 rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint
4 must allege in specific terms how each named defendant is involved. There can be no liability
5 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
6 defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.
7 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
8 1978). Furthermore, vague and conclusory allegations of official participation in civil rights
9 violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
10        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an
12 amended complaint be complete in itself without reference to any prior pleading. This is
13 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the
15 original pleading no longer serves any function in the case. Therefore, in a second amended
16 complaint, as in an original complaint, each claim and the involvement of each defendant must
17 be sufficiently alleged.
18        In accordance with the above, IT IS HEREBY ORDERED that:
19        1. Plaintiff's requests for leave to proceed in forma pauperis (Doc. No. 2, 7) are
20 granted;
21        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
22 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
23 1915(b)(1) as set forth in this order. All fees shall be collected and paid in accordance with this
24 court's order to the Director of the California Department of Corrections and Rehabilitation filed
25 concurrently herewith;
26 \\\\\

1         3. The clerk is directed to update plaintiff's address to that given on the amended
2 complaint: Kenneth Moore, V-97875, B-8-103, CSP-Sac, P.O. Box 290066, Represa, CA
3 95671;
4         4. Plaintiff's amended complaint (Doc. No. 6) is dismissed; and
5         5. Plaintiff is granted thirty days from the date of service of this order to file a
6 second amended complaint that complies with the requirements of the Civil Rights Act, the
7 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
8 must bear the docket number assigned this case and must be labeled "Second Amended
9 Complaint"; plaintiff must file an original and two copies of the second amended complaint;
10 failure to file a second amended complaint in accordance with this order will result in a
11 recommendation that this action be dismissed.
12 DATED: September 20, 2012

                                /s/ Gregory G. Hollows
                       UNITED STATES MAGISTRATE JUDGE

ggh:rb
moor0475.14